Me✓

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-337

JAMES MACNEILL,

Plaintiff

v.

ORDER

JNK VENTURES LLC, et al.,

Defendants

REC'D CUMB CLERKS OF
AUG 7 '18 PM3:38

Before the court is plaintiff James MacNeill's motion for sanctions against defendants JNK Ventures LLC d/b/a Old Port Vape and Blueberry Trading Co. Inc. for alleged spoliation. The primary sanction sought by MacNeill is the exclusion of certain photographs.

The evidence that was allegedly the subject of spoliation by the defendants is a sample of the box with certain warnings in which the battery that allegedly injured MacNeill was sold. The photographs that MacNeill seeks to exclude are photographs which defendants assert accurately set forth the warnings on the box. It is apparently undisputed that sample boxes are no longer available because both defendants sold all the similar boxes in their inventory.

To the court's knowledge the Law Court has not addressed the doctrine of spoliation in civil as opposed to criminal cases. Both plaintiffs and defendants rely on federal precedent in connection with the instant motion.

Spoliation involves the destruction or alteration of evidence or the failure to preserve evidence in pending or reasonably foreseeable litigation. *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999). Initially a party seeking sanctions for spoliation must show as a bare minimum that the opposing party had notice of a potential claim and was aware of the

Plaintiff-Frederick Moore, Esq.
Defendant JNK-Clifford Ruprecht, Esq.
Defendant Bleuberry Trading-Dan Rapaport, Esq.

relevance of the potential evidence. *Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012).

In this case it appears that defendant JNK Ventures was aware of MacNeill's injury when it took the photographs that MacNeill wants to exclude. However, MacNeill has not offered any evidence that defendant Blueberry Trading Co. had notice of MacNeill's injury and potential claim when it sold the remaining similar boxes in its inventory. It would be impractical to instruct a jury that it can consider the photographs with respect to the claim against Blueberry but not with respect to the claim against JNK.

Even if both defendants had been aware of MacNeill's potential claim, however, the court would not impose the sanction that MacNeill is seeking. First, this is not a case where either JNK or Blueberry intentionally destroyed or failed to preserve evidence – on this record, it appears that the remaining boxes were sold in the ordinary course of business.[1]

Second, MacNeill is seeking to exclude the photographs because defendants no longer have a sample of the container in which MacNeill received the battery. However, the most relevant evidence would be the actual container itself, and MacNeill acknowledged in his deposition that he is responsible for the unavailability of that box – because he chose to discard the box immediately after purchase. It may not have been unreasonable for MacNeill to have discarded the box after purchase but it would be ironic and inequitable to sanction the defendants for selling similar boxes in their inventory when the destruction of the crucial box is attributable to MacNeill.

---

[1] MacNeill does not contend that the remaining boxes were sold by defendants after a discovery request or a notice to preserve evidence was served.

2

Finally, while MacNeill argues that the photographs are misleading, the hands shown in the photographs demonstrate the size of the warnings. MacNeill will be free to argue to the jury at trial that the photographs are misleading and that the warning depicted was inadequate.[2]

The entry shall be:

Plaintiff's motion for sanctions based on alleged spoliation is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August __7__, 2018

Thomas D. Warren
Justice, Superior Court

---

[2] Counsel for Blueberry notes that MacNeill is not hamstrung by the unavailability of a sample box because he has designated an expert who will opine that the warnings shown in the photographs are inadequate.